IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH ALEXANDER BARRIENTEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0262 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOSEPH ALEXANDER BARRIENTEZ wherein he challenges the results of a prison disciplinary proceeding. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DISMISSED.

I.
STATE COURT CONVICTION

At the time this habeas petition was filed, petitioner was in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 25th Judicial District Court of Guadalupe County, Texas. On June 5, 2002, in *State v. Barrientez*, No. 98-1318-CR, petitioner pleaded guilty to the

HAB54\DISCIP\R&R\BARRIENTEZ-262.DIS-RELEASED:2

third degree felony offense of driving while intoxicated, and was sentenced to a term of imprisonment of five (5) years and six (6) months. Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary as petitioner challenges only the result of a prison disciplinary adjudication in this proceeding.

## II.
## DISCIPLINARY ADJUDICATION

On May 29, 2003, petitioner was found guilty of [participating in a] riot, a Level 1, Code 8.0 offense. Petitioner was punished with the forfeiture of 365 days previously accrued good time credits.[1] Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on June 29, 2003. According to petitioner, he then filed a Step 2 grievance which was returned without being processed because the Step 1 documentation was not attached. Petitioner avers he was then transferred from his unit and the time for filing a Step 2 grievance expired while he was in transit, prior to his refiling. On August 16, 2003, petitioner filed the instant federal habeas corpus application challenging the disciplinary adjudication.

## III.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the May 29, 2003 disciplinary proceeding in Case No. 20030264139 in the following respects:

1.  There was insufficient evidence to support the finding of guilt; and

2.  Petitioner was denied due process because he was denied the right to call and question the charging officer as a witness.

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

IV.
## ELIGIBILITY FOR MANDATORY SUPERVISED RELEASE

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release and have received a punishment sanction which included forfeiture of previously accrued good time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Respondent initially contends that because the Board of Pardons and Paroles exercised its discretion in voting to deny petitioner release to mandatory supervision on three (3) instances (August 6, 2002, November 18, 2002, and September 22, 2003), that petitioner is no longer eligible for release to mandatory supervision.  Respondent cites no authority for this proposition, but attaches a copy of an April 15, 2004 Commitment Inquiry from the TDCJ-CID records division which indicated petitioner was not, on that date, eligible for mandatory supervised release on his DWI conviction. (Respondent's Exhibit A).[2]

Because the Parole Board had found, prior to the date of the disciplinary case at issue, that petitioner's accrued good conduct time was not an accurate reflection of the inmate's potential for rehabilitation and that his release would endanger the public, he was denied release to mandatory supervision.  *Cf. Meyer v. Cockrell*, 2003 WL 21448573 (N.D. Tex. 2003) (citing an affidavit submitted as an exhibit); *Cordova v. Johnson*, 2001 WL 493179 (N.D. Tex. 2001) ("It is assumed for purposes of this recommendation that Cordova has satisfied the minimum eligibility requirements to be considered for mandatory release prior to December 15, 1999, on which date the parole board refused to release him to discretionary mandatory supervision.").

---

[2] The Commitment Inquiry Information sheet provided by respondent for interpreting the codes of the Commitment Inquiry on Cause No. 98-1318-CR states "MS:Y" – indicates Barrientez is eligible for mandatory supervision release."  The Commitment Inquiry, however, indicates, "MS:N" for petitioner's DWI offense which indicates petitioner is not eligible for mandatory supervision release.

Once petitioner was denied release to mandatory supervision on the first occasion (August 6, 2002), petitioner no longer had a constitutional expectancy of early release to mandatory supervised release. Consequently, after his first denial, petitioner no longer had a liberty interest in mandatory supervision as any future release would be at the discretion of the Board of Pardons and Paroles.[3] As petitioner was not eligible for mandatory supervision at the time of the disciplinary proceeding, he could not challenge the prison disciplinary adjudication by way of federal habeas corpus.

## V.
## EXHAUSTION OF AVAILABLE STATE REMEDIES

Respondent also argued petitioner failed to exhaust his state administrative remedies and, thus, his claims are procedurally defaulted. Here, in his Step 1 grievance, petitioner did not raise the issues he complains of herein. Petitioner contends, however, that he submitted a Step 2 grievance which "was returned without being processed due to [his] failure to attach [the] Step One [grievance] to it." Petitioner argues he was then transferred and his time for resubmitting the Step 2 grievance expired while he was in transit. Petitioner has not presented the Court with any evidence demonstrating his attempts to file a Step 2 grievance, or reflecting the dates petitioner was in transit.

The undersigned finds petitioner has not demonstrated he has sufficiently exhausted his administrative remedies with regard to the claims herein alleged. Consequently, petitioner's claims are subject to dismissal for petitioner's failure to exhaust.

---

[3] The undersigned does not reach the issue left unresolved in *Malchi*, *i.e.*, whether an inmate who is eligible for mandatory release under Texas' post-September 1, 1996 mandatory release statute has a federal constitutional expectancy of early release under the revised statute and, thus, has a liberty interest in release to mandatory supervised release.

## VI.
## MOOTNESS

Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division on this date reveals petitioner was released from confinement to mandatory supervision on November 14, 2005.[4] Petitioner's release from confinement renders the instant habeas application moot. Petitioner challenges only the disciplinary proceeding in this action and the resulting loss of good time credits. Consequently, the only relief available to petitioner if successful in this matter was the restoration of the good time credits forfeited by the disciplinary action. As petitioner has been released to mandatory supervision and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOSEPH ALEXANDER BARRIENTEZ be DISMISSED as moot.

---

[4] Petitioner did not advise the Court of his release, nor has he submitted a change of address to the Court.

VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of August 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).